UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

Kimberly-Clark Worldwide, Inc., and
Kimberly-Clark Global Sales, LLC,

Plaintiffs/Counterclaim-Defendants,    Case No. 10-CV-1118-WCG

v.

First Quality Baby Products, LLC
First Quality Retail Services, LLC, and
First Quality Consumer Products, LLC,

Defendants/Counterclaim-Plaintiffs.

---

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Pursuant to the Stipulation For Extension Of Answer Deadline, dated January 5, 2011 [D.I. 6], Defendants First Quality Baby Products, LLC ("FQBP"), First Quality Retail Services, LLC ("FQRS") and First Quality Consumer Products, LLC ("FQCP") (collectively "Defendants" or "First Quality") answer the Complaint filed by Kimberly-Clark Worldwide, Inc. ("KCWW") and Kimberly-Clark Global Sales, LLC ("KCGS") (collectively, "Plaintiffs" or "K-C"), as follows:

### PARTIES

1. Kimberly-Clark Worldwide, Inc. and Kimberly-Clark Global Sales, LLC are corporations organized and existing under the laws of the State of Delaware, and having principal places of business within this district in Neenah, Wisconsin. K-C has manufacturing, research, sales and marketing offices and facilities in Neenah, Wisconsin.

474647.4

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore deny the same.

2. Upon information and belief, Defendant FQBP is a limited liability company organized and existing under the laws of the State of Delaware with a place of business at Lewistown, Pennsylvania, Defendant FQRS is a limited liability company organized and existing under the laws of the State of Delaware with a place of business at Great Neck, New York, and Defendant FQCP is a limited liability company organized and existing under the law of the State of Delaware with a place of business at Great Neck, New York. First Quality has also stated that FQRS has a place of business at King of Prussia, Pennsylvania. Defendant FQRS is registered to do business in the state of Wisconsin.

**ANSWER:** Defendants deny that FQCP "is a limited liability company organized and existing under the law of the State of Delaware with a place of business at Great Neck, New York." Defendants admit the remaining allegations of paragraph 2.

## JURISDICTION AND VENUE

3. This action is for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

**ANSWER:** Defendants admit that this action purports to be an action for patent infringement arising under the patent laws of the United States, but denies that this action has merit.

4. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

**ANSWER:** Defendants admit the allegations of paragraph 4.

5. This Court has personal jurisdiction over Defendants, *inter alia*, because Defendants' products are sold in, distributed to and shipped into the Eastern District of Wisconsin, because on information and belief Defendants have done and are doing business in Wisconsin, and in this judicial district, and because FQRS is registered to do business in the state of Wisconsin. Upon information and belief, Defendants have knowingly and intentionally placed their products into the stream of commerce through established distribution channels expecting them to be shipped into and purchased by customers in this judicial district.

**ANSWER:** Defendants deny that FQCP is subject to personal jurisdiction in this judicial district. Defendants admit that FQBD and FQRS are subject to personal jurisdiction in this judicial district. The Defendants deny the remaining allegations of paragraph 5.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1381(b), 1391(c), and 1400(b). Upon information and belief, Defendants reside in the Eastern District of Wisconsin.

**ANSWER:** Defendants admit that venue is proper in this district for FQBD and FQRS. The Defendants deny the remaining allegations of paragraph 6.

### COUNT I - INFRINGEMENT OF U.S. PATENT NO. 6,885,451

7. On April 26, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,885,451 ("the '451 Patent") to Brian R. Vogt, Charles R. Tomsovic, Jason G. Csida, Mike L. Lohoff, Dale H. Damsteegt, and Joseph J. Gimenez who assigned to K-C the entire right, title, and interest to the '451 Patent, including all rights to recover for all infringements thereof. Kimberly-Clark Worldwide, Inc. is the owner and assignee of the '451 Patent. Kimberly-Clark Global Sales, LLC is licensed under the '451 Patent. A copy of the '451 Patent is attached as Exhibit A.

**ANSWER:** Defendants admit that U.S. Patent No. 6,885,451 ("the '451 Patent") indicates on its face that it issued on April 26, 2005, and that Brian R. Vogt, Charles R. Tomsovic, Jason G. Csida, Mike L. Lohoff, Dale H. Damsteegt, and Joseph J. Gimenez are listed under the heading "Inventors." Defendants admit that a document bearing patent number 6,885,451 was attached to the Complaint as Exhibit A. Defendants deny that U.S. Patent No. 6,885,451 was duly and legally issued. Defendants lack sufficient knowledge or information to form a belief regarding the remaining allegations of paragraph 7, and therefore deny the same.

8. On information and belief, Defendants have been infringing and continue to infringe the '451 Patent by making and offering for sale to others, including but not limited to SuperValu, Safeway, Rite Aid, Family Dollar and Walgreens, a training

pant product manufactured by one or more processes and modified versions of processes that use an inspection process and system covered by one or more claims of the '451 Patent (the "Accused Processes").

**ANSWER:** Defendants deny the allegations of paragraph 8.

9. On information and belief, one or more of the Accused Processes inspects an article having first and second panels in at least partially opposed, overlapping engagement with each other.

**ANSWER:** Defendants admit that they utilize a process for manufacturing training pants which inspects side panels that overlap each other. Defendants deny the remaining allegations of paragraph 9.

10. On information and belief, one or more of the Accused Processes inspects the article described in ¶ 9 where the first panel has an underlying edge overlapped by at least a portion of the second panel which is substantially opaque to visible and/or ultraviolet light.

**ANSWER:** Defendants deny the allegations of paragraph 10.

11. On information and belief, one or more of the Accused Processes inspects the article described in ¶¶ 9-10 to determine whether the panels of the article are present and/or properly positioned.

**ANSWER:** Defendants admit that they utilize a process for manufacturing training pants which inspects side panels for defects. Defendants deny the remaining allegations of paragraph 11.

12. On information and belief, one or more of the Accused Processes irradiates the overlapping engagement of the panels described in ¶¶ 9-10 with radiation.

**ANSWER:** Defendants deny the allegations of paragraph 12.

13. On information and belief, one or more of the Accused Processes produces an image from the radiation received from the irradiated panels described in ¶ 12.

**ANSWER:** Defendants deny the allegations of paragraph 13.

14. On information and belief, one or more of the Accused Processes identifies in the image described in ¶ 13 a position of the underlying edge described in ¶ 10.

**ANSWER:** Defendants deny the allegations of paragraph 14.

15. On information and belief, one or more of the Accused Processes compares the identified position of the underlying edge described in ¶ 14 with a predetermined data to thereby determine whether the underlying edge is present and/or properly positioned in the composite article.

**ANSWER:** Defendants deny the allegations of paragraph 15.

16. K-C has repeatedly written to First Quality and posed questions concerning aspects of the inspection process actually used by First Quality during its manufacturing process.

**ANSWER:** Defendants admit that K-C sent letters to Defendants' counsel on December 18, 2009 and September 30, 2010, which posed questions concerning Defendants' manufacturing processes. Defendants' counsel responded to the questions in each of K-C's letters by virtue of letters dated February 10, 2010 and November 23, 2010, respectively. Defendants deny the remaining allegations of paragraph 16.

17. First Quality has not provided answers to all of K-C's questions.

**ANSWER:** Defendants deny the allegations of paragraph 17. Defendants responded to the questions in each of K-C's letters by virtue of letters dated February 10, 2010 and November 23, 2010.

18. Certain aspects of First Quality's inspection process for its training pants cannot be determined from the discovery inspections First Quality permitted to K-C.

**ANSWER:** Defendants deny the allegations of paragraph 18.

19. K-C has thus made repeated reasonable efforts to determine aspects of the inspection process actually used by First Quality in the production of First Quality's training pants, but was unable to so determine.

**ANSWER:** Defendants deny the allegations of paragraph 19.

20. Pursuant to 35 U.S.C. § 295, it should be presumed that First Quality is inspecting its training pants according to the process of the '451 Patent.

**ANSWER:** Defendants deny the allegations of paragraph 20.

21. Accordingly, First Quality should have the burden of establishing that its training pants are not made using the patented inspection process.

**ANSWER:** Defendants deny the allegations of paragraph 21.

22. K-C has been damaged by Defendants' infringement.

**ANSWER:** Defendants deny the allegations of paragraph 22.

23. Furthermore, Defendants' acts of infringement have been without express or implied license by K-C, are in violation of K-C's rights, and will continue unless enjoined by this Court.

**ANSWER:** Defendants deny the allegations of paragraph 23.

24. By letter dated December 18, 2009, K-C advised First Quality that First Quality might be infringing the '451 Patent.

**ANSWER:** Defendants admit that by letter dated December 18, 2009, K-C advised that it "believe[d] that First Quality may be infringing at least" seven of K-C's U.S. patents, including the '451 Patent. Defendants deny the remaining allegations of paragraph 24.

25. Upon information and belief, Defendants have continued their infringement in willful disregard of the '451 Patent and the rights created thereunder.

**ANSWER:** Defendants deny the allegations of paragraph 25.

26. Upon information and belief, this is an exceptional case because of Defendants' willful infringement.

**ANSWER:** Defendants deny the allegations of paragraph 26.

27. K-C has been and will continue to be irreparably harmed by Defendants' infringement of the '451 Patent.

**ANSWER:** Defendants deny the allegations of paragraph 27.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to the Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

Defendants have not infringed, nor are they infringing any of the claims of the '451 Patent either directly, indirectly through contributory infringement or inducement of infringement, literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

The claims of the '451 Patent are invalid for failing to satisfy at least one of the requirements of patentability set forth in Part II of Title 35, United States Code.

### THIRD AFFIRMATIVE DEFENSE

By reason of prior art and the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that led to the issuance of the '451 Patent, including (without limitation), amendments, representations, concessions and admissions made by or on behalf of the applicants, K-C has disclaimed a claim scope that would cover and include the products or acts of Defendants.

### FOURTH AFFIRMATIVE DEFENSE

By reason of prior art and the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that led to the issuance of the '451 Patent, including (without limitation), amendments, representations, concessions and admissions made by or on behalf of the applicants, K-C is estopped from asserting that

474647.4

the claims of the '451 Patent cover and include the products or acts of Defendants under the doctrine of equivalents.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint against FQCP must be dismissed because this Court lacks personal jurisdiction over FQCP.

## COUNTERCLAIMS

Defendants First Quality Baby Products, LLC ("FQBP") and First Quality Retail Services, LLC ("FQRS") (collectively "Counterclaim-Plaintiffs"), hereby assert the following counterclaims against Kimberly-Clark Worldwide, Inc. ("KCWW") and Kimberly Clark Global Sales, LLC ("KCGS") (collectively, "Counterclaim-Defendants" or "K-C").

## THE PARTIES

1.  FQBP is a limited liability company organized and existing under the laws of the State of Delaware with a place of business at Lewiston, Pennsylvania.

2.  FQRS is a limited liability company organized and existing under laws of the State of Delaware with a place of business at King of Prussia, Pennsylvania.

3.  Upon information and belief, KCWW is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business within this district at Neenah, Wisconsin.

4.  Upon information and belief, KCGS is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business within this district at Neenah, Wisconsin.

## JURISDICTION AND VENUE

5. These counterclaims arise under Fed. R. Civ. P. 13, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, Title 35 of the United States Code and state law.

6. The Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

7. The Court has personal jurisdiction over KCWW and KCGS because KCWW and KCGS have subjected themselves to the jurisdiction of this Court for purposes of these counterclaims.

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## NATURE OF THE ACTION

9. The patent in suit is U.S. Patent No. 6,885,451 ("the '451 Patent").

10. Plaintiffs' Complaint alleges that FQBP and FQRS infringe the '451 Patent.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Invalidity under 35 U.S.C. § 101, et. seq.)**

11. Counterclaim-Plaintiffs reassert and reallege each and every allegation contained in paragraphs 1-10 as if fully set forth herein.

12. Upon information and belief, one or more claims of the '451 Patent are invalid for failing to comply with one or more requirements of the Patent Laws of the United States, Title 35, United States Code.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Non-infringement)

13. Counterclaim-Plaintiffs reassert and reallege each and every allegation contained in paragraphs 1-10 as if fully set forth herein.

14. Counterclaim-Plaintiffs are not infringing any valid and enforceable claim of the '451 Patent, either literally or under the doctrine of equivalents.

## PRAYER FOR RELIEF

WHEREFORE:

A. Counterclaim-Plaintiffs respectfully request a declaratory judgment that the '451 Patent is invalid;

B. Counterclaim-Plaintiffs respectfully request a declaratory judgment that they do not infringe any valid and enforceable claim of the '451 Patent;

C. Counterclaim-Plaintiffs respectfully request dismissal of Plaintiffs' Complaint;

D. Counterclaim-Plaintiffs respectfully request judgment in favor of Defendants on Plaintiffs' Complaint, including an award of costs;

E. Counterclaim-Plaintiffs respectfully request a judgment that this is an "exceptional case" and an award of Counterclaim-Plaintiffs' reasonable attorneys' fees, expenses, and costs in this action under 35 U.S.C. 285;

F. Counterclaim-Plaintiffs respectfully request such further relief as the Court may deem proper.

## JURY DEMAND

Counterclaim-Plaintiffs demand a jury trial of any and all issues properly triable by a jury.

Date: February 4, 2011

Respectfully submitted,

 s/ Michael V. Solomita
Kenneth P. George
Ira E. Silfin
Michael V. Solomita
Brian A. Comack
AMSTER ROTHSTEIN &
EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Phone: (212) 336-8000
Email: kgeorge@arelaw.com
isilfin@arelaw.com
msolomita@arelaw.com
bcomack@arelaw.com

*and*

Gregory B. Conway
T. Wickham Schmidt
LIEBMANN, CONWAY,
OLEJNICZAK &
JERRY, S.C.
231 South Adams Street
Green Bay, WI 54301
Phone: (920) 437-0476
Email: gbc@lcojlaw.com
tws@lcojlaw.com

**ATTORNEYS FOR DEFENDANTS/COUNTERCLAIM-PLAINTIFFS FIRST QUALITY BABY PRODUCTS, LLC, AND FIRST QUALITY RETAIL SERVICES, LLC**