# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK WORLDWIDE, Inc., and,
KIMBERLY-CLARK GLOBAL SALES, LLC,

      Plaintiffs,

  v.                                        Case No. 09-C-0916 &
                                              Case No. 10-C-1118

FIRST QUALITY BABY PRODUCTS, LLC, and
FIRST QUALITY RETAIL SALES, LLC,

      Defendants.

## MEMORANDUM AND ORDER GRANTING MOTION TO CONSOLIDATE

These patent infringement cases are before the Court on a motion to consolidate. The defendant requests that they be consolidated, and the plaintiff opposes consolidation. For the reasons set forth herein the motion will be granted.

### BACKGROUND

Within a 15-month span Plaintiffs Kimberly-Clark Worldwide, Inc., and Kimberly-Clark Global Sales, LLC (collectively "K-C") filed two separate patent lawsuits against First Quality Baby Products, LLC, and First Quality Retail Sales, LLC (collectively "First Quality"). On September 21, 2009, K-C filed Civil Action No. 09-CV-0916 alleging infringement of several product and process patents. About a year later, on September 3, 2010, K-C filed an amended complaint. Then, on December 12, 2010, K-C filed another lawsuit against First Quality, Civil Action No. 10-CV-1118, alleging that First Quality infringed a single K-C process patent.

Both cases stem from K-C's allegation that First Quality has infringed on various K-C patents related to disposable training pants and the process by which such training pants are manufactured. Fact discovery in the first case is set to close in about two months. Discovery in the second case was stayed pending resolution of a Rule 11 motion for sanctions, which motion was denied by separate order entered today.

## APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 42(a) (2007) states:

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Thus, the Court may consolidate actions which are both "before the court" and "involve a common question of law or fact." *See Mutual Life v. Hillmon,* 145 U.S. 285, 292, 12 S.Ct. 909, 36 L.Ed. 706 (1892) (stating that consolidating cases "of like nature and relative to the same question" is within trial court's discretion); 8 James Wm. Moore, MOORE'S FEDERAL PRACTICE § 42.10[1][a] (3d ed. 2008) ("The articulated standard for consolidating two or more cases is simply that they involve 'a common question of law or fact.' "). Common questions of law or fact need not predominate, but they must exist and I must find that consolidation will prove beneficial. 8 Moore, *supra*, at 42.10[1][a]. A district court has discretion as to whether to consolidate, *King v. Gen. Elec. Co.,* 960 F.2d 617, 626 (7th Cir. 1992), but may not consolidate unless it finds at least one common issue of law or fact. *Enter. Bank v. Saettele,* 21 F.3d 233, 236 (8th Cir.1994); 8 Moore, *supra*, § 42.10[2][c]; 9A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 2382 (3d ed. 2008).

2

Although neither Rule 42 nor case law defines "common question of law or fact," the plain meaning of this phrase indicates that a common question is one that must be answered identically in each case in which it is presented.

When common questions of law or fact are present, cases should be consolidated if consolidation will streamline the litigation without causing the parties undue prejudice. *See, e.g., Fleishman v. Prudential-Bache Sec., Inc.,* 103 F.R.D. 623, 624-25 (E.D. Wis. 1984); 9A Wright & Miller, *supra,* § 2383. In determining whether to consolidate, I consider such factors as judicial economy, avoiding delay, and avoiding inconsistent or conflicting results. 8 Moore, *supra,* § 42.10[4][a] (collecting cases). I also consider factors weighing against consolidation, such as the possibility of juror confusion or administrative difficulties. *Id.* § 42.10[5].

The party moving for consolidation "has the burden of establishing that consolidation is appropriate." *Schissel v. Wells,* No. 06-0722, 2007 WL 4143223, at *3 (E.D. Wis. Nov. 19, 2007).

**DISCUSSION**

In determining whether to consolidate the two cases, I ask first whether they share common questions of law or fact. I conclude that they do. The cases involve the same parties, are both brought under patent law, and both relate to process and product patents for training pants. Even K-C does not dispute that the cases share common questions of law and fact.

Having found common questions, I may consolidate the cases if the benefits of doing so outweigh the costs. Here, again, I conclude that they do. First Quality argues that consolidation would advance judicial economy and efficiency, would prevent K-C from obtaining windfall damages, and would prevent K-C from impermissibly splitting claims. K-C counters that First

3

Quality's motion for consolidation would delay the first trial causing prejudice to K-C. Specifically, K-C contends that "every day that passes is one more day that K-C is being further irreparably harmed." (K-C Br., Dkt. 378 at 4.) K-C also argues that consolidation will not increase efficiency because the two cases are at different stages of litigation.

Here, the two cases are closely related but are at different stages of litigation. K-C filed its second lawsuit less than three months after filing its second amended complaint in the first lawsuit. K-C explains the delay in filing the second case by First Quality's delay in turning over information that precluded K-C from including allegations of infringement on the '451 patent in its second amended complaint. In the first case the Court has held a *Markman* hearing and issued its claim constructions. These steps have not yet occurred in the second case. Instead this Court stayed discovery in the second case pending resolution of First's Quality's motion for sanctions under Rule 11. The fact that the actions are at different stages of litigation, however, does not preclude consolidation automatically. *Miller Brewing v. Metal Co., Ltd.,* 177 F.R.D. 642, 644 (E.D. Wis. 1998) (quoting 9A Charles Alan Wright & Alan R. Miller, *Federal Practice and Procedure* § 2383 (2d ed. 1995).)

Rare is the situation where consolidation will not cause some degree of delay to one of the consolidated cases. Here, while K-C's first case may be delayed by consolidation, on balance I conclude that consolidation will not unduly prejudice K-C. Having carefully considered the patent at issue in the second case in deciding First Quality's motion for sanctions, the Court is not convinced that significant delay is inevitable. First Quality has raised serious questions concerning the validity of the '451 Patent in that case, and it is possible that it could be resolved on an expedited basis. Even if it is not, consolidation makes sense.

The patents at issue in both cases relate to the parties' competing disposable training pants and the process by which they are manufactured. Consolidation will prevent a situation in which two separate juries decide damages and thus will remove the possibility of duplicative recovery. In addition consolidation will avoid juror confusion – a single jury will be better able to understand the full scope of the patents in suit and the nature of the products and processes at issue. A patent jury trial is no small undertaking and it follows that allowing a single jury to address the related issues in these cases is a prudent use of the Court's resources. In light of these advantages, and the lack of undue prejudice to K-C, consolidation is appropriate here. The Court need not reach First Quality's arguments related to claim splitting and *res judicata* to justify consolidation.

## CONCLUSION

Accordingly, First Quality's motion to consolidate Case No. 09-C-0916 and Case No. 10-C-1118 (Dkt. 362 and Dkt. 29 respectively) is granted for purposes of expert discovery on damages and trial on liability and damages. If either party believes that changes in the current scheduling order are needed to address the '451 Patent, and the parties are unable to agree on a proposed modification, they should notify the Clerk and the matter will be placed on the calendar for a telephone hearing.

**SO ORDERED** this   22nd    day of June, 2011.

  s/ William C. Griesbach
 William C. Griesbach
 United States District Judge